UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUKWUMA E. AZUBUKO,

                          Plaintiff,

        -against-

DOUGLAS H. WILKINS – IN INDIVIDUAL
& OFFICIAL CAPACITIES; MAYNARK M.
KIRPALANI – IN INDIVIDUAL & OFFICIAL
CAPACITIES; COURT CLERK – SUFFOLK
SUPERIOR COURT; COURT CLERK –
MIDDLESEX SUPERIOR COURT;
MASSACHUSETTS' ATTORNEY GENERAL
– IN IND. & OFFICIAL CAPS.; COURT
CLERK – MASSACHUSETTS' APPEALS
COURT; GREGORY I. MASSING – IN
INDIVIDUAL AND OFFICIAL
CAPACIEITES; AND VICKIE L. HENRY – IN
INDIVIDUAL AND OFFICIAL CAPACITIES,

                          Defendants.

18-CV-11466 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

        Plaintiff filed this action *pro se*. On December 10, 2018, the Court dismissed the

complaint. By order dated May 10, 2001, Plaintiff was barred from filing any future actions in

this Court regarding his litigation in Massachusetts without first obtaining from the Court leave

to file. *See Azubuko v. Martin II*, ECF 1:00-CV-2581, 10 (S.D.N.Y. May 10, 2001) (*Azubuko I*);

*Azubuko v. Bank Boston of Mass.*, ECF 1:00-CV-2582, 9 (S.D.N.Y. May 10, 2001) (*Azubuko II*).[1]

---

[1] By order dated April 5, 2000, Judge Griesa initially dismissed Plaintiff's cases and
barred Plaintiff from filing any new actions without prior leave of the Court. *See Azubuko I*, ECF
1:00-CV-2581, 2 (S.D.N.Y. Apr. 5, 2000); *Azubuko II*, ECF 1:00-CV-2582, 2 (S.D.N.Y. Apr. 5,
2001). In response, Plaintiff filed motions for reconsideration, and by order dated May 19, 2000,
the Court denied Plaintiff's motions, directed the Clerk of Court to accept no further submissions
from Plaintiff in those cases except for a notice of appeal, and held that the previously imposed
bar remained in effect. *Azubuko I*, ECF 1:00-CV-2581, 4. Plaintiff filed a notice of appeal on
June 16, 2000, and by Mandate issued on October 17, 2000, the United States Court of Appeals
for the Second Circuit vacated the judgments and remanded the cases for further proceedings

Plaintiff filed this action complaining that Defendants have engaged in conduct in various courts in Massachusetts in violation of his rights, without seeking leave from the Court as required. On January 3, 2019, Plaintiff filed a motion for relief from judgment, challenging the November 28, 2018 dismissal order.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms . . . consist[ing] of liberal construction of pleadings, motions papers, and appellate briefs, . . . relaxation of the limitations on the amendment of pleadings, . . . leniency in the enforcement of other procedural rules, . . . and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him . . . .") (citations omitted). After reviewing Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been

---

because Judge Griesa imposed the injunction without providing Plaintiff notice and an opportunity to be heard. *Azubuko I*, ECF 1:00-CV-2581, 7, 8. On February 8, 2001, Judge Griesa ordered Plaintiff to show cause within 30 days why the filing injunction barring him from filing complaints in this Court regarding his litigation in Massachusetts without first obtaining the Court's permission should not be imposed. *Azubuko I*, ECF 1:00-CV-2581, 9. The Court subsequently, on May 10, 2001, dismissed the complaints and imposed the filing injunction. *Azubuko I*, ECF 1:00-CV-2581, 10. Plaintiff appealed this order, and by Mandate dated August 7, 2001, Plaintiff's appeal was dismissed. *Azubuko II*, ECF 1:00-CV-2582, 10.

previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion is not a departure from Plaintiff's pattern of frivolous or otherwise nonmeritorious litigation. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the

first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 6) is denied. Plaintiff's motion for required joinder of parties (ECF No. 5) is denied as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The order barring Plaintiff from filing any new action IFP regarding litigation in Massachusetts without first seeking permission of the Court remains in effect.

Plaintiff's case is closed, though the Court will accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff files a future reconsideration motion that repeats the same arguments or is also meritless, the Court will direct that no further

documents, except for documents directed to the Second Circuit Court of Appeals, be accepted for filing in this action, unless Plaintiff shows cause why such an order would be inappropriate.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 9, 2019
         New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                              U.S.D.J.