UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHUKWUMA E. AZUBUKO,

      Plaintiff,

-against-

DOUGLAS H. WILKINS – IN INDIVIDUAL & OFFICIAL CAPACITIES; MAYNARK M. KIRPALANI – IN INDIVIDUAL & OFFICIAL CAPACITIES; COURT CLERK – SUFFOLK SUPERIOR COURT; COURT CLERK – MIDDLESEX SUPERIOR COURT; MASSACHUSETTS' ATTORNEY GENERAL – IN IND. & OFFICIAL CAPS.; COURT CLERK – MASSACHUSETTS' APPEALS COURT; GREGORY I. MASSING – IN INDIVIDUAL AND OFFICIAL CAPACIEITES; AND VICKIE L. HENRY – IN INDIVIDUAL AND OFFICIAL CAPACITIES,

      Defendants.

18-CV-11466 (LLS)

ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1651

---

LOUIS L. STANTON, United States District Judge:

  Plaintiff filed this action *pro se*. On December 10, 2018, the Court dismissed the complaint because Plaintiff was barred from filing any future actions in this Court regarding his litigation in Massachusetts without first obtaining from the Court leave to file. *See Azubuko v. Martin II*, ECF 1:00-CV-2581, 10 (S.D.N.Y. May 10, 2001) (*Azubuko I*); *Azubuko v. Bank Boston of Mass.*, ECF 1:00-CV-2582, 9 (S.D.N.Y. May 10, 2001) (*Azubuko II*). Plaintiff filed this action complaining that Defendants have engaged in conduct in various courts in Massachusetts in violation of his rights, without seeking leave from the Court as required.

  On January 3, 2019, Plaintiff filed a motion for relief from judgment, challenging the December 10, 2018 dismissal order. (ECF No. 6.) By order dated August 9, 2019, the Court denied Plaintiff's motion and warned that if Plaintiff files a future reconsideration motion that

repeats the same arguments or is also meritless, the Court will direct that no further documents, except for documents directed to the Second Circuit Court of Appeals, be accepted for filing in this action, unless Plaintiff shows cause why such an order would be inappropriate. (ECF No. 7.)

On August 26, 2019, Plaintiff filed a document titled, "Plaintiff Show Cause: The Inappropriateness of the Court's Order." (ECF No. 8.) The Court liberally construes this submission as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms . . . consist[ing] of liberal construction of pleadings, motions papers, and appellate briefs, . . . relaxation of the limitations on the amendment of pleadings, . . . leniency in the enforcement of other procedural rules, . . . and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him . . . .") (citations omitted). After reviewing Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the

first five clauses of Fed. R. Civ. P. 60(b) apply. Plaintiff's motion is not a departure from Plaintiff's pattern of frivolous or otherwise nonmeritorious litigation. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Because Plaintiff has failed to heed the Court's warning, he is ordered to show cause by affirmation why he should not be barred from filing any further documents in this closed case. Within thirty days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be imposed, he will be barred from filing any further documents in this case and the Clerk of Court will be directed to discard all documents received from Plaintiff for filing in this case.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion (ECF No. 8) is denied.

The order barring Plaintiff from filing any new action IFP, regarding his litigation in Massachusetts, without first seeking permission of the Court remains in effect.

Plaintiff shall have thirty days to show cause by written declaration why an order should not be entered barring Plaintiff from filing any further documents in this case. A declaration form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 30, 2019
         New York, New York

                                                      Louis L. Stanton
                                                           U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |